IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Keith A. Davis, | ) | C/A No.  3:14-3732-JMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Russel Bantz; Donald Hicks; Jennifer H. | ) | **REPORT AND RECOMMENDATION** |
| Mckellar; Cpl. Hayhurst; A. Derrick; Jason | ) | |
| Williams; Lt. Robinson; JD Rowell; Cameron | ) | |
| Littlejohn, Jr.; Sheriff Leon Lott; Richland | ) | |
| County Sheriff Department; Richland County | ) | |
| Solicitors Office, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Keith A. Davis ("Plaintiff"), a self-represented federal prisoner, brings this action pursuant to 42 U.S.C. § 1983.[1]  Plaintiff is an inmate at Federal Correctional Institution Edgefield, and files this action *in forma pauperis* under 28 U.S.C. § 1915.  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) DSC.  Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without issuance and service of process.

---

[1] Plaintiff's claims against the federal prosecutor and federal public defender named in this case are evaluated under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights.  A Bivens claim is analogous to a claim brought against state officials under § 1983, see Harlow v. Fitzgerald, 457 U.S. 800, 818 n.30 (1982), and case law involving a § 1983 claim is applicable in Bivens actions and vice versa. See Farmer v. Brennan, 511 U.S. 825 (1994).



## I.    Factual and Procedural History

The Complaint alleges that Defendant Russel Bantz falsely accused Plaintiff of running a red light on March 12, 2008.   (ECF No. 1 at 4.)   Defendant Bantz allegedly performed an unconstitutional search of the vehicle, which resulted in a seizure of drugs and money.  (Id. at 4.) Defendant Bantz "took [Plaintiff] to jail" and Defendant Donald Hicks, an acting supervisor, allegedly approved the arrest, search and seizure.  (Id. at 4-5.)  The Complaint states that Plaintiff was released on bond and charges associated with the arrest were dismissed at a preliminary hearing on April 14, 2008.  (Id. at 5.)  However, Plaintiff was allegedly re-indicted for the offenses and Defendant Jennifer H. Mckellar sent Plaintiff a notice on October 18, 2010, to appear in court.  (Id.) Defendant Mckellar allegedly sent the notice to the wrong address, resulting in the issuance of a bench warrant.  (Id. at 5-6.)  The Complaint alleges that Defendants Cpl. Hayhurst and Deputy A. Derrick arrested Plaintiff pursuant to the bench warrant on December 17, 2010, seizing drugs and money from Plaintiff's hotel room at the time of arrest.  (Id. at 6.)  Defendant Jason Williams, a narcotics agent, is named for allegedly approving the December 2010 search and seizure.  (Id.) Plaintiff states that he again posted bond and was released from jail on February 3, 2011.  (Id.)  The Complaint claims that, subsequent to Plaintiff's release, Defendants Lt. Robinson and J.D. Rowell collaborated to have Plaintiff federally indicted.  (Id. at 7.)  Plaintiff indicates that he was represented in federal court by Defendant Cameron Littlejohn, Jr.  (Id.)  On March 30, 2012, Plaintiff asserts that he was induced by Defendant Littlejohn to sign a plea agreement for charges stemming from the March 2008 traffic stop.  (Id. at 11.)  Plaintiff claims that the actions of the officers, prosecutors, and defense attorney named in this action resulted in Plaintiff's conviction.  (Id. at 12.)  Plaintiff seeks monetary damages and injunctive relief.  (Id. at 12-14.)



## II.    Discussion

### A.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992).  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' "  Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)).  A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief."  City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999).  To state a claim under § 1983, or under the Bivens doctrine, a plaintiff must allege:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state or federal law.  West v. Atkins, 487 U.S. 42, 48 (1988).



### 1.    Fourth Amendment Claims

Plaintiff alleges Fourth Amendment claims of false arrest, illegal search and seizure, and malicious prosecution against the defendants.  Plaintiff further indicates that he was convicted of charges resulting from these alleged constitutional violations.  The United States Supreme Court has held that a prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated.  See Heck v. Humphrey, 512 U.S. 477, 487 (1994).  Moreover, to the extent the Constitution may recognize a right to be free from malicious prosecution, see Snider v. Seung Lee, 584 F.3d 193, 199 (4th Cir. 2009), a plaintiff must demonstrate seizure "pursuant to legal process that was not supported by probable cause and that the criminal proceedings terminated in his favor."  Brooks v. City of Winston-Salem, 85 F.3d 178, 183 (4th Cir. 1996).  In this case, a favorable determination on the merits of Plaintiff's claims would require a finding that his conviction is invalid, and Plaintiff provides no facts to allege that he has successfully challenged this conviction.  Because Plaintiff does not demonstrate that the criminal proceedings stemming from the defendants' actions terminated in his favor, Plaintiff's Fourth Amendment claims are subject to summary dismissal as to all defendants.

### 2.    Conspiracy Claims

The Complaint asserts that the defendants conspired to maliciously prosecute Plaintiff. " 'To establish a conspiracy under [42 U.S.C.] § 1983, [a plaintiff] must present evidence that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy, which resulted in [the] deprivation of a constitutional right.' " Glassman v. Arlington



Cnty., 628 F.3d 140, 150 (4th Cir. 2010) (alterations in original) (quoting Hinkle v. City of

Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996)).  The plaintiff "must come forward with specific

circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial

objective." Hinkle, 81 F.3d at 421.  His factual allegations must reasonably lead to the inference that

the defendants came to a mutual understanding to try to "accomplish a common and unlawful plan,"

and must amount to more than "rank speculation and conjecture," especially when the actions are

capable of innocent interpretation. Id. at 421-22.  In addition, to establish a federal conspiracy claim

under 42 U.S.C. § 1985, a plaintiff must show that the alleged conspiracy is motivated by "some

racial, or perhaps otherwise class-based invidiously discriminatory animus."    Griffin v.

Breckenridge, 403 U.S. 88, 102 (1971); see also Trerice v. Summons, 755 F.2d 1081, 1085 (4th Cir.

1985).  In the present action, Plaintiff provides no concrete facts to demonstrate that the defendants

came to a mutual understanding, or acted "jointly in concert" to deprive Plaintiff of any

constitutional right. See Hinkle, 81 F.3d at 421.  Plaintiff also fails to allege facts showing that the

defendants acted with a discriminatory motive.  Thus, Plaintiff's conspiracy allegations against the

defendants should be summarily dismissed.

### 3.    Prosecutorial Immunity

The Complaint alleges that Assistant Solicitor Mckellar, an employee of Defendant Richland

County Solicitor's Office, improperly requested the issuance of a bench warrant for Plaintiff's arrest.

The Complaint further claims that Assistant United States Attorney Rowell secured an improper

federal indictment against Plaintiff.  However, prosecutors have absolute immunity for activities in

or connected with judicial proceedings, such as a criminal trials, bond hearings, bail hearings, grand

jury proceedings, and pre-trial motions hearings. See Buckley v. Fitzsimmons, 509 U.S. 259 (1993);

PJG

Dababnah v. Keller-Burnside, 208 F.3d 467 (4th Cir. 2000). Thus, Plaintiff's claims associated

with the prosecution of his state and federal criminal charges by Defendants Mckellar, the Richland

County Solicitors Office,[2] and Rowell are barred from suit under § 1983 and/or the Bivens doctrine.

As such, these defendants are entitled to summary dismissal from this case.

### 4.    No Federal or State Action

The Complaint alleges that Defendant Littlejohn, Plaintiff's defense attorney with regard to

the federal charges, violated Plaintiff's rights by inducing him to sign a plea agreement. However,

an attorney, whether retained or appointed, does not act under color of state or federal law when

performing traditional functions as counsel. See Conner v. Hart, C/A No. 7:10cv00017, 2010 WL

149893, at *1 (W.D. Va. Jan. 14, 2010) (collecting cases), aff'd 380 F. App'x 339 (4th Cir. 2010);

see also Johnson v. Britt, C/A No. 3:13-cv-568-RJC-DSC, 2013 WL 5964514, at *4 (W.D.N.C. Nov.

8, 2013) ("Federal Defenders . . . [do] not act under color of state or federal law, which is a

jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983, or under the Bivens

doctrine.") (citing Polk Cnty. v. Dodson, 454 U.S. 312 (1981)). Therefore, Plaintiff's constitutional

allegations against Defendant Littlejohn are subject to summary dismissal.

### 5.    Eleventh Amendment Immunity

Plaintiff names Sheriff Leon Lott and the Richland County Sheriff Department as defendants

in this action. In South Carolina, a sheriff is an agent of the State, see Gulledge v. Smart, 691 F.

Supp. 947, 954-55 (D.S.C. 1988), and the Eleventh Amendment bars suits by citizens against

---

[2] Additionally, the Richland County Solicitor's Office is not a "person" amenable to suit under § 1983. See Davis v. Hampton Cnty. Solicitor Office, C/A No. 9:13-1930-DCN, 2013 WL 5140732, at *3 (D.S.C. Sept. 12, 2013) (holding that a solicitor's office "does not qualify as a 'person' ").



non-consenting states brought either in state or federal court.  See Alden v. Maine, 527 U.S. 706,

712-13 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); Hans v. Louisiana, 134

U.S. 1 (1890).  While sovereign immunity does not bar suit where a state has given consent to be

sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions

apply in the instant case.[3]  Therefore, in addition to being barred by the favorable termination

requirement pronounced in Heck, Plaintiff's claims against Defendants Lott and the Richland County

Sheriff Department are also barred by the Eleventh Amendment.  As such, these defendants are

entitled to summary dismissal from this action.

### 6.    State law claims

Plaintiff's federal claims are recommended for summary dismissal.  Therefore, the district

court should decline to exercise supplemental jurisdiction over Plaintiff's legal malpractice claim,

or any other state law claims raised in the Complaint.  See 28 U.S.C. § 1367(c)(3); see also United

Mine Workers v. Gibbs, 383 U.S. 715, 726 (1996); Tigrett v. Rector and Visitors of the Univ. of Va.,

290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no

federal claims remained in the case).

## III.    Conclusion and Recommendation

Accordingly, the court recommends that the Complaint be dismissed without prejudice and

without issuance and service of process.

October 15, 2014                                                Paige J. Gossett
Columbia, South Carolina                              UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

---

[3] Congress has not abrogated the states' sovereign immunity under § 1983, see Quern v. Jordan, 440 U. S. 332, 343 (1979), and South Carolina has not consented to suit in federal district court.  S.C. Code Ann. § 15-78-20(e).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' "  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).