**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Keith A. Davis, ) | |
| ) | Civil Action No. 3:14-cv-03732-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Russel Bantz, Donald Hicks, Jennifer H. ) | |
| Mckellar, Cpl. Hayhurst, A. Derrick, Jason ) | |
| Williams, Lt. Robinson, Cameron ) | |
| Littlejohn, Jr., Sheriff Leon Lott, Richland ) | |
| County Sheriff Department, Richland ) | |
| County Solicitors Office, J.D. Rowell, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Keith A. Davis ("Plaintiff") filed this *pro se* action alleging a conspiracy to violate Plaintiff's Fourth, Fifth, Sixth, and Fourteenth Amendment rights by Defendants Russel Bantz, Donald Hicks, Jennifer H. Mckellar, Cpl. Hayhurst, A. Derrick, Jason Williams, Lt. Robinson, Cameron Littlejohn, Jr., Sheriff Leon Lott, Richland County Sheriff Department, Richland County Solicitors Office, and J.D. Rowell (collectively "Defendants"). (ECF No. 1.)

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial handling. On October 15, 2014, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court summarily dismiss the Complaint without prejudice. (ECF No. 9.) This review considers Plaintiff's Objections to Findings and Recommendation of Magistrate Judge ("Objections"), filed November 3, 2014 (ECF No. 14); Motion for Reconsideration and for Leave to Amend Complaint, filed December 1, 2014 (ECF No. 19); Motion for Sanctioning Bad Faith Report and Recommendation, filed December 1, 2014 (ECF No. 20); and Motion for Return of Property and

1

Suppression of Evidence, filed December 23, 2014 (ECF No. 22). For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report. The court thereby **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion for Reconsideration and for Leave to Amend Complaint (ECF No. 19), **DENIES** Plaintiff's Motion for Sanctioning Bad Faith Report and Recommendation (ECF No. 20) and Motion for Return of Property and Suppression of Evidence (ECF No. 22) and **DISMISSES** this action (ECF No. 1) without prejudice.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the Magistrate Judge's Report is accurate, and the court adopts this summary as its own. (*See* ECF No. 9.) The court will only recite herein facts pertinent to the analysis of Plaintiff's Objections and Motions.

On September 22, 2014, Plaintiff filed a Complaint, in concert with a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 filed on September 23, 2013, with United States District Judge Margaret B. Seymour, alleging a conspiracy by multiple state and federal officials to violate Plaintiff's Fourth, Fifth, Sixth, and Fourteenth Amendment rights. (ECF No. 1; *see also United States v. Davis,* Criminal Action No. 3:11-cr-00512-MBS, ECF No. 139.) Plaintiff alleges Defendant Bantz, a Lexington County Sheriff's Deputy, initiated a traffic stop based on an allegedly false accusation of running a red light and proceeded to unconstitutionally search Plaintiff's vehicle. (ECF No. 1 at 4.) Defendant Mckellar, an assistant state solicitor, sent Plaintiff a notice to appear in court, which Plaintiff alleges was sent to the incorrect address and resulted in the issuance of a bench warrant. (*Id.* at 5-6.) Due to that bench warrant, Plaintiff alleges, Defendants Hayhurst and Derrick, under the approval of Defendant Williams, arrested Plaintiff and searched his motel room, seizing $1,946 and drugs. (*Id.* at 6.)

Plaintiff further alleges that Defendant Robinson, of the Richland County Sheriff Department, and Defendant Rowell, Assistant United States Attorney, collaborated to bring a federal indictment against Plaintiff "on the unlawfully obtained evidence which stemmed from the March 12, 2008 traffic stop and the unlawfully executed bench warrant which led to the search of my motel room." (*Id.* at 7.) Plaintiff also alleges that prosecutors and Defendant Bantz misrepresented evidence in an evidentiary hearing regarding probable cause for the traffic stop. (*Id.* at 10.) Finally, Plaintiff alleges his federal public defender, Defendant Littlejohn, induced him to plead guilty, even though Plaintiff did not want to. (*Id.* at 11.) Plaintiff seeks a declaratory judgment, injunctive relief, and monetary damages. (*Id.* at 13.)

On October 15, 2014, the Magistrate Judge issued the Report, recommending the Complaint be dismissed without prejudice and without issuance and service of process. (ECF No. 9.) In the Report, the Magistrate Judge found that Plaintiff's Fourth Amendment claims were barred by *Heck v. Humphrey,* 512 U.S. 477 (1994). (*Id.* at 5.) *Heck* states that a prisoner has no cognizable claim under 42 U.S.C. § 1983 if a favorable result would question the validity of the conviction, unless the prisoner can demonstrate the conviction has been invalidated. 512 U.S. at 487. Regarding Plaintiff's conspiracy allegations, the Magistrate Judge found, "Plaintiff provides no concrete facts to demonstrate that the defendants came to a mutual understanding, or acted 'jointly in concert' to deprive Plaintiff of any constitutional right." (ECF No. 9 at 6.) The Magistrate Judge also noted that "prosecutors have absolute immunity for activities in or connected with judicial proceedings" and therefore claims against Defendants Mckellar, the Richland County Solicitors Office, and Rowell are barred from suit. (*Id.* at 6-7 (citing *Buckley v. Fitzsimmons,* 509 U.S. 259 (1993).) Regarding Defendant Littlejohn, the Magistrate Judge found "an attorney, whether retained or appointed, does not act under color of state or federal

3

law when performing traditional functions as counsel" and thus Plaintiff's constitutional claims against Defendant Littlejohn are subject to dismissal. (*Id.* at 7.) The Magistrate Judge further found that Defendants Lott and Richland County Sheriff Department are considered agents of the state and actions against them are barred by the Eleventh Amendment. (*Id.* at 7-8.) Finally, the Magistrate Judge recommended the court decline to exercise supplemental jurisdiction over any state law claims. (*Id.* at 8.)

On November 4, 2014, having received no objections from Plaintiff by the November 3 deadline, the court filed an Order accepting the Report and dismissing the Complaint. (ECF No. 11.) Plaintiff subsequently filed his Objections on November 6, 2014. Under *Houston v. Lack,* a prisoner's document is considered filed at the time the prisoner delivers it to prison authorities for forwarding to the court clerk. 487 U.S. 266, 270 (1988). The envelope containing Plaintiff's Objections was stamped as received by the prison mailroom on November 3, 2014, the date of the deadline, and therefore the Objections were timely filed. (*See* ECF No 14-1 at 1.) On December 1, 2014, the court issued a text order vacating the November 4 Order. (ECF No. 16.)

Also on December 1, 2014, Plaintiff filed his Motion for Reconsideration and for Leave to Amend Complaint (ECF No. 19) and Motion for Sanctioning Bad Faith Report and Recommendation (ECF No. 20). Plaintiff filed his Motion for Return of Property and Suppression of Evidence on December 23, 2014. (ECF No. 22.)

Judge Seymour granted summary judgment for the Government, denying and dismissing Plaintiff's § 2255 Motion with prejudice, on March 27, 2015.[1] *United States v. Davis*, Criminal Action No. 3:11-cr-00512-MBS, ECF No. 165.

---

[1] The court may take judicial notice of its own files and records. *Colonial Penn Ins. Co. v. Coil,* 887 F.2d 1246, 1239 (4th Cir. 1989) ("We note that '[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'"); *see also Aloe Creme Lab., Inc. v. Francine Co.,* 425 F.2d 1296, 1296 (5th Cir. 1970).

## II. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If the plaintiff fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments

that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

**A.  Motion to Reconsider and Leave to Amend**

Plaintiff first moves the court to reconsider its ruling in the November 4 Order (ECF No. 11) accepting the Magistrate Judge's Report. (ECF No. 19.) In light of Plaintiff's timely filed Objections, received after the Order was filed, and in light of the December 1 Text Order vacating the judgment, the court grants this portion of Plaintiff's Motion to consider his Objections to the Magistrate Judge's Report.

In the same Motion, Plaintiff also moves to amend his Complaint. (ECF No. 19 at 2-5.) A motion to amend should be denied only if granting the motion would be prejudicial, there has been bad faith, or the amendment would be futile. *Nourison Rug Corp. v. Parvizian,* 535 F.3d 295, 298 (4th Cir. 2008) (citing *HCMF Corp. v. Allen,* 238 F.3d 273, 276-77 (4th Cir. 2001)).

Plaintiff asks first to amend his prayer for relief, requesting that the court abstain from ruling on this Complaint until his § 2255 has been ruled upon by Judge Seymour, and that the court:

> B. Declare that the traffic stop was constitutionally unreasonable, without probable cause in that any charges resulting from the search incident to my arrest is unenforceable.
> C. Declare that the defendants in this case was [*sic*] malicious in pursuing a conviction based on the evidence derived from the traffic stop on March 12, 2008.
> D. Declare that the defendants['] conduct as alleged in this complaint was arbitrary, capricious, in bad faith, and contrary to the laws of the state of South Carolina.

(ECF No. 19 at 3.)

Plaintiff's first requested amendment, that the court abstain from making a decision until Judge Seymour had ruled on his § 2255 would be futile, as Judge Seymour denied and dismissed

6

the Motion on March 27, 2015. *See United States v. Davis*, Criminal Action No. 3:11-cr-00512-MBS, ECF No. 165. The remaining amendments to the prayer for relief seem aimed at turning all of Plaintiff's requested relief into declaratory judgments, rather than monetary damages or injunctive relief. This amendment appears to be in response to Plaintiff's objection that the Magistrate Judge analyzed his Complaint "solely as a lawsuit for damages. She failed to evaluate the complaint for DECLARATORY AND INJUNCTIVE RELIEF which was capitalized at the head of the complaint." (ECF No. 19 at 2; *see also* ECF No. 14 at 2.) However, as discussed in more detail below, the type of relief sought does not affect the analysis of Plaintiff's claims, and thus, this amendment would also be futile. Therefore, Plaintiff's requested amendment to the prayer for relief is denied.

Plaintiff also requests he be allowed to rephrase five paragraphs in his Complaint. (ECF No. 19 at 3-5.) The first three proposed amendments—¶¶ 72,[2] 73, and 74—all fall under Count 5 of the Complaint. (ECF No. 19 at 3-4; *see also* ECF No. 1 at 12.) Although the requested amendments provide more detail than the original Complaint, the allegations rely on the success of Plaintiff's § 2255 Motion, which has since been denied. As such, these amendments are also futile.

Plaintiff's final amendment request, for ¶¶ 80 and 81, pertains to his request for injunctive relief pursuant to Federal Rule of Civil Procedure 65 under Count VI. Rule 65 deals with preliminary injunctions and temporary restraining orders. To obtain a preliminary injunction, a plaintiff must establish all four of the following factors: (1) likelihood of success on the merits, (2) a likelihood of suffering irreparable harm in the absence of relief, (3) the balance of equity tips in favor of granting the injunction, and (4) the injunction is in the public interest.

---

[2] There is no paragraph numbered 72 in the original Complaint, which skips from ¶ 71 to ¶ 73.

*Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008). As discussed below, Plaintiff cannot succeed on the merits, and thus these amendments are also futile. As such, the portion of Plaintiff's Motion requesting he be allowed to amend the Complaint is denied.

## B. Objections

Plaintiff first makes objections to the Magistrate Judge's classification of his claims. First, Plaintiff asserts that his "Civil Action is brought under the Declaratory Judgment Act as I am seeking relief pursuant to 28 U.S.C. § 2201(a) 2202 and Fed. R. Civ. Proc. [*sic*] 57 to be considered in conjunction with my 28 U.S.C. § 2255 motion." (ECF No. 14 at 2.) Plaintiff argues that the Magistrate Judge did not address his request for declaratory relief. (*Id.* at 1.) Plaintiff further emphasized this objection in his Motion for Reconsideration and for Leave to Amend Complaint, asserting the Magistrate Judge "failed to evaluate the complaint for DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF which was capitalized at the head of the complaint." (ECF No. 19 at 2.)

The Declaratory Judgment Act, codified at 28 U.S.C. §§ 2201 and 2202, "is a procedural statute which provides an additional remedy for use in those cases and controversies of which the federal courts already have jurisdiction." *Aetna Cas. & Sur. Co. v. Quarles,* 92 F.2d 321, 323 (4th Cir. 1937). The act does not create a separate cause of action, nor does it require a different analysis than if Plaintiff had sought a different remedy.

Plaintiff argues that the Magistrate Judge "evaluated [his] complaint solely as a lawsuit for damages" despite Plaintiff requesting declaratory and injunctive relief. (ECF No. 19 at 2.) However, it cannot be said that the Magistrate Judge's evaluation of this Complaint as "a lawsuit for damages" was incorrect. Under what Plaintiff has labeled "Count VII," Plaintiff "demand[s] exemplary and punitive damages against the defendants for $750,000." (ECF No. 1 at 13.) In

Plaintiff's proposed amendments to his Complaint, although he proposed amending the prayer for relief to reflect only requests for declaratory judgments, he made no request to drop his demand for monetary relief. (ECF No. 19 at 3-5.)

Additionally, Plaintiff offers an objection to footnote 1 of the Report, which noted Plaintiff's claims against the federal prosecutor and federal public defender would be evaluated under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971), which is analogous to a § 1983 claim. (*See* ECF No. 9 at 1; *see also Harlow v. Fitzgerald,* 457 U.S. 800, 818 N.30 (1982); *Farmer v. Brennan,* 511 U.S. 825 (1994).) Plaintiff argues, "I intend for my claims against the federal prosecutor and the federal public defender to be evaluated for purposes pursuant to the Federal Tort Claims Act 28 U.S.C. § 1346(b) and 28 U.S.C. § 2680(a) as federal official held liable in their individual capacities for tortuous [*sic*] conduct while acting in the scope of their employment, once a final ruling is made on the claims pertaining to their tortous [*sic*] behaviors presented within my various motions which are pending." (ECF No. 14 at 5.)

Section 1346(b) states that the District Court has exclusive jurisdiction over "civil actions on claims against the United States, for money damages… for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." Section 2680(a) provides that 1346(b) shall *not* apply to "[a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation… or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."

9

Plaintiff argues that if his § 2255 was successful, it could demonstrate the actions of the federal prosecutor and federal public defender "were in sufficiently close nexus… with the state actors in upholding their unlawful state action," that Defendant Bantz could be found to have misled the courts and "should be punished as an official witness criminally," and that the federal prosecutor "assisted the officer in misrepresenting his claim on the material issue of probable cause." (ECF No. 15 at 5.) Plaintiff's § 2255 Motion, however, has been denied, and thus does not demonstrate his claims have merit. Judge Seymour's analysis of Plaintiff's claims when denying his § 2255 Motion shows no evidence that Defendants did not exercise due care, and thus, even analyzing Plaintiff's claims under the Federal Tort Claims Act, Plaintiff's claims would be excepted under § 2680(a), and thus are not cognizable. *See United States v. Davis*, Criminal Action No. 3:11-cr-00512-MBS, ECF No. 165.

### 1. Fourth Amendment Claims

Plaintiff acknowledges that his Fourth Amendment claims "may be barred by the favorable termination requirement in *Heck*," but requests the court abstain from dismissing this action until a ruling is made on his § 2255 Motion. (ECF No. 14 at 2.) As noted, Plaintiff's § 2255 Motion has been denied and dismissed, and therefore, he cannot demonstrate that his conviction has been overturned. Thus, his Fourth Amendment Claims are precluded by *Heck*, and are not cognizable in this action.

### 2. Conspiracy Claims

Plaintiff next asserts that his "§ 2255 Motion if successful will demonstrate that [Defendants] all shared the [same] conspiratorial objective which was to use the evidence which was derived from the unlawful traffic stop on March 12, 2008[,] as a catylist [*sic*] to have me prosecuted as a career offender." (*Id.*) As has been noted, Plaintiff's § 2255 Motion was not

successful, and thus, provides no such basis to prove his conspiracy claims. His objections on this claim merely repeat previous arguments and provide vague, conclusory statements. As such, Plaintiff has failed to properly object to the Report with specificity, and therefore, the court does not need to conduct a *de novo* review and instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond,* 416 F.3d at 315. The court does not find clear error and accepts the recommendation by the Magistrate Judge regarding the conspiracy claims.

   *3. Prosecutorial Immunity*

Plaintiff once again relies on the success of his § 2255 Motion in his objection to the Magistrate Judge's finding that Defendants Mckellar, the Richland County Solicitor's Office, and Rowell have absolute immunity for activities in or connected with judicial proceedings. (ECF No. 14 at 3-4; *see* ECF No. 9 at 6.) Plaintiff argues that his § 2255 Motion and Complaint demonstrate that Defendant Mckellar violated Plaintiff's Fourteenth Amendment rights through actions at a suppression hearing on December 21, 2011. (ECF No. 14 at 3.) Plaintiff asserts that Defendants' "unconstitutional conduct would strip them of their official status and therefore leave them unable to rely upon their immunities from the superior authority of the United States Constitution" and cites to *Buckley v. Fitzsimmons,* 509 U.S. 259 (1993). (*Id.* at 4.)

Plaintiff's reliance on a resolution in his favor on his § 2255 Motion again fails him on this point. In her order denying Plaintiff's § 2255 Motion, Judge Seymour made no such finding of unconstitutional conduct by Defendants, as Plaintiff asserts.

Further, Plaintiff's reliance on *Buckley* is also misplaced. *Buckley* states that a determination as to whether a defendant is afforded absolute prosecutorial immunity lies in analyzing the function performed, not the person's title. 509 U.S. at 269. Absolute immunity is

11

afforded for actions "intimately associated with the judicial phase of the criminal process." *Id.* at 270 (citing *Imbler v. Pachtman,* 424 U.S. 409 (1976)).  In *Buckley,* the court found that a prosecutor could not be considered an "advocate" for the state in the judicial phase of the process concerning actions 10 months prior to the arrest of a defendant. *Id.* at 275.  In contrast, Plaintiff asserts unconstitutional actions by Defendant Mckellar during a suppression hearing, which is inherently part of the "judicial phase" of a criminal proceeding.  As such, Defendant Mckellar is entitled to absolute immunity.

Plaintiff makes no specific objection regarding Defendants Rowell and the Richland County Solicitor's Office.  In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation.  *See Camby v. Davis,* 718 F.2d 198, 199 (4th Cir. 1983).  Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond,* 416 F.3d at 315.  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation.  28 U.S.C. § 636(b)(1); *Thomas,* 474 U.S. 140; *Wright,* 766 F.2d 841; *Schronce,* 727 F.2d 91.  As such, the court accepts the recommendation of the Magistrate Judge regarding Defendants Rowell and the Richland County Solicitor's Office.

*4. No Federal or State Action*

Finally, Plaintiff again asserts that a ruling in his favor on his § 2255 Motion "may also prove that the federal public defender compronmised [*sic*] my interest to shield himself form [*sic*] being santioned [*sic*] for the complaints that I filed pertaining to his derilective [*sic*] performance." (ECF No. 14 at 4.)  Plaintiff further argues that his federal public defender

"reasonably should have known he was violating my VI Amendment right to effective representation." (*Id.*) However, Plaintiff makes no argument to refute the Magistrate Judge's finding that the federal public defender, "whether retained or appointed, does not act under color of state or federal law when performing traditional functions as counsel." (ECF No. 9 at 7.) As such, Plaintiff has failed to properly object to the Report with specificity, and therefore, the court does not need to conduct a *de novo* review and instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond,* 416 F.3d at 315. The court does not find clear error and accepts the recommendation by the Magistrate Judge on this point.

   *5. Eleventh Amendment Immunity and State Law Claims*

Plaintiff offers no objection to the portions of the Report recommending claims against Defendants Lott and Richland County Sheriff Department are barred by the Eleventh Amendment and recommending the court decline to exercise supplemental jurisdiction over state law claims. In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis,* 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond,* 416 F.3d at 315. Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas,* 474 U.S. 140; *Wright,* 766 F.2d 841; *Schronce,* 727 F.2d 91. Therefore, after a thorough and careful review of the Report and the record, the court finds the

Report provides an accurate summary of the facts and law and adopts the Magistrate Judge's recommendation on these issues.

**C. Motion for Sanctioning Bad Faith Report and Recommendation**

Plaintiff next moves for "an award of sanctions against the United States Magistrate Judge Paige J. Gosset[t] for filing fees under Rule 56(h) of the Fed. R. Civ. P." (ECF No. 20 at 1.)  Rule 56 deals with summary judgment, and provides, "[i]f satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court—after notice and a reasonable time to respond—may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions."

This action has been recommended for summary dismissal, and as a result, Defendants have not yet been served.  As such, no motion for summary judgment is pending in this action, and thus Rule 56 is not applicable.  Further, as discussed, the court finds no error of law in the Magistrate Judge's Report, and thus sees no evidence of bad faith.  Finally, Plaintiff is mistaken that the deduction of $54 from his account, paid toward the $350 filing fee, is the "result" of the Magistrate Judge's Report.  (*See* ECF No. 20 at 1.)  The fee is just as it is labeled—a *filing* fee—deducted from Plaintiff's account because he filed the Complaint, not because the Magistrate Judge issued the Report.  Plaintiff would have been assessed the fee even if the Magistrate Judge had not filed the Report.

Therefore, Plaintiff's Motion for Sanctioning Bad Faith Report and Recommendation (ECF No. 20) is denied.

**D. Motion for Return of Property and Suppression of Evidence**

Finally, Plaintiff filed a Motion for Return of Property and for Suppression of Evidence. (ECF No. 22.) Plaintiff requests that the court issue an order suppressing evidence presented at Plaintiff's December 2011 suppression hearing and returning money seized from Plaintiff in December 2010. (*Id.* at 1.) Plaintiff's requests in this motion challenge decisions made by Judge Seymour in his criminal proceedings and thus this court, ruling on his *civil* action, cannot grant Plaintiff's requested relief. Therefore, this motion is denied.

## III. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the Magistrate Judge and the record in this case, the court **ACCEPTS** the Report of the Magistrate Judge (ECF No. 9). It is therefore ordered that Plaintiff's Motion for Reconsideration and for Leave to Amend Complaint (ECF No. 19) is **GRANTED IN PART AND DENIED IN PART**, Plaintiff's Motion for Sanctioning Bad Faith Report and Recommendation (ECF No. 20) and Motion for Return of Property and Suppression of Evidence (ECF No. 22) are **DENIED** and this action (ECF No. 1) is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

April 30, 2015
Columbia, South Carolina